UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CONOR P.,

           Plaintiff,

v.                                                                                  5:21-CV-0397
                                                                                    (ML)
COMMISSIONER OF SOCIAL
SECURITY,

           Defendant.
_____

APPEARANCES:                                                OF COUNSEL:

OLINSKY LAW GROUP                                           ANDREW A. FLEMMING, ESQ.
  Counsel for the Plaintiff
250 South Clinton Street - Suite 210
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION                              AMELIA STEWART, ESQ.
  Counsel for the Defendant                                 Special Assistant U.S. Attorney
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER

      Currently pending before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1]  Oral

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

argument was heard in connection with those motions on September 26, 2022, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1)  Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is GRANTED.

2)  Defendant's motion for judgment on the pleadings (Dkt. No. 16) is DENIED.

3)  The Commissioner's decision denying Plaintiff Social Security benefits is REVERSED.

4)  This matter is REMANDED to the Commissioner, without a directed finding of disability, for further administrative proceedings consistent with this opinion and the oral bench decision, pursuant to sentence four of 42 U.S.C. § 405(g).

5)  The Clerk of Court is respectfully directed to enter judgment, based upon this determination, REMANDING this matter to the Commissioner for further administrative proceedings consistent with this opinion and the oral bench decision, pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

Dated: September 28, 2022
      Binghamton, New York

Miroslav Lovric
United States Magistrate Judge
Northern District of New York

```
UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK
_____
P

vs.                                  5:21-CV-0397

COMMISSIONER OF SOCIAL SECURITY



_____



                    DECISION AND ORDER


                    September 26, 2022


          The HONORABLE MIROSLAV LOVRIC,

             DISTRICT MAGISTRATE JUDGE




                A P P E A R A N C E S


For Plaintiff:     ANDREW FLEMMING, ESQ.

For Defendant:     AMELIA STEWART, ESQ.


             Ruth I. Lynch, RPR, RMR, NYSRCR
             Official United States Court Reporter
                Binghamton, New York  13901
```

1          THE COURT:  All right.  The Court's going to begin
2     its decision and analysis as follows:  Plaintiff has
3     commenced this proceeding pursuant to Title 42 United States
4     Code Sections 405(g) and 1383(c) to challenge the adverse
5     determination by the Commissioner of Social Security finding
6     that he was not disabled at the relevant times and therefore
7     ineligible for the benefits that he sought.
8          By way of background, the Court notes the
9     following:  Plaintiff was born in 1991.  He is currently
10    approximately 31 years old, and he was approximately 26
11    years old on May 2nd, 2018, the application date.  Plaintiff
12    lives in a room that he rents from his parents.  Plaintiff
13    stands approximately 6 feet 1 inch in height and weighs
14    approximately 384 pounds.  Plaintiff has a high school
15    education and can communicate in English.
16         Procedurally, the Court notes the following:
17    Plaintiff applied for Title XVI benefits on May 2nd, 2018,
18    alleging disability beginning February 9th of 2018.  In
19    support of his claim for disability benefits, plaintiff
20    claims disability based on autism spectrum disorder, morbid
21    obesity, type II diabetes, learning disabilities,
22    depression, and PTSD.
23         Administrative Law Judge Jeremy Eldred conducted a
24    hearing on March 19th of 2020 to address plaintiff's
25    application for benefits.  ALJ Eldred issued an unfavorable

1  decision on April 6, 2020.  That became a final
2  determination of the agency on February 4th, 2021, when the
3  Social Security Administration Appeals Council denied
4  plaintiff's application for review.  This action was
5  commenced on April 7th of 2021, and it is timely.
6           In his decision, ALJ Eldred applied the familiar
7  five-step test for determining disability.
8           At step one, he concluded that plaintiff had not
9  engaged in substantial gainful activity since May 2nd, 2018,
10 the application date.
11          At step two, the ALJ concluded that plaintiff
12 suffered from the following severe impairments:  Autism
13 spectrum disorder, ADHD, depressive disorder, PTSD, and
14 morbid obesity.
15          At step three, ALJ Eldred concluded that
16 plaintiff's conditions do not meet or medically equal any of
17 the listed presumptively disabling conditions set forth in
18 the Commissioner's regulations.  And the ALJ focused on the
19 following listings:  Listing 12.04, dealing with depressive,
20 bipolar, and related disorders; listing 12.10, dealing with
21 autism spectrum disorder; listing 12.11, dealing with
22 neurodevelopmental disorders; and listing 12.15, dealing
23 with trauma- and stressor-related disorders.  The ALJ also
24 considered whether any paragraph B or paragraph C criteria
25 were satisfied.  The ALJ also considered his, that being

1    plaintiff's, obesity pursuant to SSR 19-2p.
2            Next, the ALJ next determined that plaintiff
3    retains the residual functional capacity to perform light
4    work except he can understand, remember, and carry out only
5    simple and routine tasks.  Plaintiff can concentrate,
6    persist, and maintain pace in a work setting to the extent
7    necessary to perform only simple and routine tasks.
8    Plaintiff can interact no more than occasionally with
9    supervisors, coworkers, or the public.  And plaintiff can
10   appropriately deal with ordinary changes in an unskilled
11   occupation that involves only simple and routine tasks.
12           At step four, the ALJ concluded that plaintiff has
13   no past work experience.
14           At step five, the ALJ concluded that based on the
15   testimony of the vocational expert and considering
16   plaintiff's age, education, work experience, and RFC, there
17   are jobs that exist in significant numbers in the national
18   economy that plaintiff can perform.  More specifically, the
19   vocational expert testified that plaintiff could perform the
20   requirements of representative occupations including garment
21   sorter, dispatcher/router, and marker II.  As a result, the
22   ALJ concluded that plaintiff had not been under a disability
23   as defined in the Social Security Act since May 2nd, 2018.
24           Now, as the parties know, the Court's functional
25   role in this case is limited and extremely deferential.  I

1  must determine whether correct legal principles were applied
2  and whether the determination is supported by substantial
3  evidence, defined as such relevant evidence as a reasonable
4  mind would find sufficient to support a conclusion.  As the
5  Second Circuit noted in Brault V. Social Security
6  Administration Commissioner, that's found at 683 F.3rd 443,
7  a 2012 Second Circuit case, and therein the Circuit noted
8  that this standard is demanding, more so than the clearly
9  erroneous standard.  The Court in Brault noted that once
10 there is a finding of fact, that fact can be rejected only
11 if a reasonable fact-finder would have to conclude
12 otherwise.
13         Now, on appeal before this Court, plaintiff raises
14 two contentions.  First, plaintiff argues that the
15 substantial evidence does not support the ALJ's RFC because,
16 as the plaintiff argues, the ALJ failed to consider the
17 opinion of Mr. Jim Feinberg, LCSW, which plaintiff in his
18 brief mistakenly refers to as Femby, that's F-E-M-B-Y, in
19 plaintiff's brief.
20         So just to be clear, the Femby mentioned in
21 plaintiff's brief is actually a typographical or otherwise
22 error and it was intended to refer to Mr. Jim Feinberg,
23 LCSW.
24         Secondly, plaintiff argues that substantial
25 evidence does not support the ALJ's RFC because the ALJ did

1  not properly evaluate the opinion evidence of Dr. Andy
2  Lopez-Williams, Ph.D.
3        The Court begins its analysis as follows:  As set
4  forth in plaintiff's brief, the ALJ failed to mention or
5  consider the July 2019 opinion of Jim Feinberg, LCSW, who
6  opined that plaintiff could work with accommodations.  The
7  ALJ has the duty to consider all relevant evidence and must
8  articulate the weight that he granted to every medical
9  opinion.  His failure to consider the opinion of
10 Mr. Feinberg was an error.  In making this finding, I reject
11 the argument of the defendant that Mr. Feinberg's opinion
12 was not a medical opinion because it does not say, quote,
13 what, if any, limitations plaintiff had in the ability to
14 perform the mental demands of work activities, end quote.
15 The ALJ was at liberty to find the opinion of Mr. Feinberg
16 unpersuasive based on the factors set forth in 20 CFR
17 Section 416.920c(a).  Instead, the ALJ did not consider or
18 set forth his consideration of Mr. Feinberg's July 2019
19 opinion at all.  And again, the Court highlights the ALJ did
20 not set forth or consider that opinion at all in his
21 decision.  Here, the ALJ did not conduct any analysis of
22 Mr. Feinberg's opinion, and it is hard to know what, if any,
23 impact it may have had on the RFC and what impact it may --
24 that may have on the vocational expert's testimony.
25        The Court also notes that, if the ALJ credited

7

1   Mr. Feinberg's opinion and included additional work
2   accommodations in the RFC, it may have changed the
3   disability finding.  For example, based on the hypothetical
4   that plaintiff's counsel presented the vocational expert,
5   which included the accommodation of a job coach, the
6   vocational expert testified that not all employers would
7   allow for that.  See docket number 9 at 51 to 52, transcript
8   pages 47 through 48.
9           Based on this conclusion, the Court does not and
10  need not reach plaintiff's second argument that the ALJ's
11  RFC determination is unsupported by substantial evidence
12  because he failed to properly evaluate the opinion evidence
13  of Dr. Lopez-Williams.
14          As a result of this analysis, it is the decision
15  of this Court that plaintiff's motion for judgment on the
16  pleadings is granted.  Defendant's motion for judgment on
17  the pleadings is denied.  The Commissioner's decision
18  denying plaintiff Social Security benefits is hereby
19  reversed.  This matter is remanded to the Commissioner,
20  without a directed finding of disability, for further
21  administrative proceedings consistent with this opinion and
22  this oral bench decision that I just provided on the record,
23  all pursuant to sentence four of Title 42 United States Code
24  Section 405(g).  The case is therefore remanded to the
25  Social Security Administration for a de novo review.

8

1          This constitutes the analysis and the decision of
2   this Court in this matter.
3                        - - - - -